UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:96CR403 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL GOLDSBY, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DEFENDANT, | ) | |

This matter comes before the Court upon Defendant, Michael Goldsby's Motion to Reopen Judgment. (ECF #497). The government has filed a Brief in Opposition to the Motion. (ECF #500). For the reasons set forth below, the Defendant's Motion is hereby, DENIED.

## I. FACTUAL BACKGROUND

In 1997, Defendant was convicted of one count of conspiracy to distribute cocaine base, and one count of possession of cocaine base with the intent to distribute in violation of 21 U.S.C.S. §§ 846, and 841(a)(1), respectively. As a result, Defendant was sentenced to a term of 383 months incarceration. Defendant appealed and the Court of Appeals reversed his conspiracy conviction, but upheld the possession with the intent to distribute charge. Due to his status as a career offender, his offense level remained at 37 with a criminal history category of VI, and he subsequently received a sentence of 360 months of incarceration.

In 2002, Defendant again appealed his conviction and challenged his status as a career offender. The Appellate Court affirmed the ruling and Defendant's status as a career offender. Defendant now seeks to reopen judgment upon the basis that his status as a career offender is

incorrect. Defendant states that his previous convictions do not constitute controlled substance offenses under 18 USCS Appx § 4B1.2.

## II. ANALYSIS

According to the law-of-the-case doctrine, "once a court has decided an issue, its decision should generally be given effect throughout the litigation." *United States v. Graham*, 327 F. 3d 460, 564 (6th Cir. 2003). As such, it is understood that the district court, as well as the court of appeals upon subsequent appeal, is barred from reconsidering those issues that the court of appeals has already resolved. *United States v. Haynes*, 468 F. 3d 422, 426 (6th Cir. 2006). In the present case, the issue of whether Defendant is in fact a career offender has already been decided by the Court of Appeals.

Defendant was first determined to be a career offender when originally convicted in 1997. Upon his first appeal, the conspiracy charge was reversed, but the court held him to the career offender status. Though Defendant did not appeal his career offender status explicitly, the resolution of an issue may be inferred from the disposition, and thereafter constitute the law of the case. *In re Kenneth Allen Knight Trust*, 303 F. 3d 671, 676 (6th Cir. 1990). Therefore, the issue of whether Defendant was properly designated a career offender was already implicitly resolved upon his first appeal.

When Defendant appealed again in 2002, he did not argue that the convictions did not qualify as controlled substance offenses, but rather sought to lower his sentence based upon the low quantity of drugs involved. The 6th Circuit affirmed his sentence stating, "Goldsby has three qualifying career offender convictions, all for trafficking. He also has four additional felony convictions, two of which are drug-related. Neither of the parties contest that these convictions qualify under the language of 28 U.S.C. § 994 and U.S.S.G. § 4B1.1." *United States v. Goldsby*,

39 Fed. Appx. 168, 172 (6th Cir. 2002)(emphasis added).  Although Defendant was silent as to whether his convictions qualified as controlled substance offenses, he explicitly contested his status as a career offender on other grounds, and the Court of Appeals affirmed.

It is also important to note that in 2005, Defendant appealed a denial of a motion to vacate due to ineffective counsel.  The original motion argued, in part, that he was improperly classified as a career offender because he was constructively denied counsel during two of his prior state convictions.  The 6th Circuit held his claim to be without merit, and again affirmed the judgment.  Now, having been affirmed as a career offender during three appeals, twice explicitly and once implicitly, Defendant seeks to dispute the issue again.  Defendant now claims his convictions do not qualify as controlled substance offenses, and as a result, the career offender status should not have been applied to him.

In order to show that his prior offenses do not qualify, Defendant relies upon the ruling of *Descamps v. United States*, 133 S. Ct. 2276 (U.S. 2013).  However, "the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review." *Strickland v. English*, 2013 U.S. Dist. LEXIS 120457, 2013 WL 4502302, * 8 (N.D. Fla. Aug. 22, 2013) .  This Court agrees with the holding in *Strickland,* and sees no reason to apply *Descamps* retroactively in this case.

Consideration of a matter previously decided may in fact be permissible where extraordinary circumstances exist.  *United States v. Garcia, 496 F. 3d 495 (6th Cir. 2007).*  However, Defendant has presented no evidence of any such circumstances in the present case.  The issue of Defendant's career offender status has been sufficiently decided by the 6th Circuit, and this Court is bound by its decision.  To reconsider any further would introduce the very inconsistency that the law-of-the-case doctrine seeks to avoid.

## III. CONCLUSION

For all the foregoing reasons, Defendant's Motion to Reopen Judgment (ECF #497) is DENIED.

IT IS SO ORDERED

Dated: June 19, 2014

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE